IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-6-H

| | |
|---|---|
| JOHN SINCLAIR,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LUMBERTON, NC, OFFICER KRISTEN THOMPSON in her official and individual capacities, OFFICER MELODIE HUNT in her official and individual capacities, OFFICER JONATHAN OLIVER in his official and individual capacities, CHIEF MICHAEL MCNEILL in his official and individual capacities, and the CITY OF LUMBERTON POLICE DEPARTMENT,<br><br>    Defendants. | **ORDER AND MEMORANDUM & RECOMMENDATION** |

This pro se case is before the court for frivolity review of Plaintiff John Sinclair's amended complaint [DE #15] pursuant to 28 U.S.C. § 1915(e)(2)(B) and on Plaintiff's motion to appoint counsel [DE #12], the matter having been referred to the undersigned by the Honorable Malcolm J. Howard, Senior United States District Judge. For the reasons stated below, Plaintiff's motion to appoint counsel is denied, and it is determined that Plaintiff's claims against Officers Thompson and Oliver in their individual capacities as to alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights survive frivolity review. However, it is

recommended that the court dismiss the following claims: Plaintiff's claims against the City of Lumberton, the Lumberton Police Department, and Defendants McNeill and Hunt; Plaintiff's official capacity claims against Defendants Thompson and Oliver; and Plaintiff's individual capacity claims against Officers Thompson and Oliver as to violations of Plaintiff's Fifth and Ninth Amendment rights.

## STATEMENT OF THE FACTS[1]

Plaintiff reports that he was walking down a road at 11:00 pm on July 8, 2011, when he flagged down Officer Kristen Thompson in her patrol car. He complained that someone was following him and asked Thompson if it was her. Thompson responded that she was not following him and proceeded to ask Plaintiff his name. Plaintiff asked if he was under arrest, as well as questions concerning whether he had committed any violations. Without answering, Thompson again requested Plaintiff's name. Plaintiff stated he did not want to speak with her and began to walk away. Thompson stepped in Plaintiff's path, placed a hand on her gun and again asked Plaintiff his name. Plaintiff then responded:

> I am a US [sic] citizen I do not want to talk to you, I invoke all of my rights afforded, Human Rights, Constitutional rights, and since I'm not free to go, my Miranda Rights to remain silent and I want a lawyer, and seek the protection of the 4th amendment search and seizure to include the search of my person and mind for information, I plead the, 5th.

(Compl. [DE # 15] at 8.) He then asked if he was free to go and tried to leave. Thompson stepped in his path and repositioned her hand on her gun. Plaintiff

---

[1]For purposes of frivolity review, the court construes the facts in the light most favorable to Plaintiff.

stood in silence. Thompson continued to question Plaintiff about his name and date of birth. Plaintiff restated his previous invocation and proceeded to leave. Thompson, holding a pad of paper in one hand and placing her other hand on her gun, demanded Plaintiff's name. Plaintiff retreated to beside Thompson's car, again restated his earlier invocation, and then remained silent. Thompson requested Plaintiff's address and asked him what he was doing outside. Plaintiff did not respond.

Plaintiff alleges that Thompson said she stopped him because he was suspicious, but Plaintiff believes that he was stopped because he is African-American. Plaintiff further states that Thompson said she had not seen Plaintiff violate any ordinance or code and had no complaints against Plaintiff.

Other officers reported to the scene and aided Thompson in determining Plaintiff's identity. Officer Melodie Hunt used the computer in her patrol car to identify Plaintiff, pulling up his name and a photo. Once identified, dispatch stated there were no outstanding warrants against Plaintiff. Plaintiff was arrested for resisting an officer, placed under a $2,500.00 bond, and given a court date. Officer Jonathan Oliver helped place Plaintiff in handcuffs after being briefed on the situation. Plaintiff reported that on the way to the jail Thompson stated, "All you had to do is give me your address and you wouldn't be going through this." On December 6, 2012, the charges against Plaintiff were dismissed.

Plaintiff complained to the Lumberton Police Department and Chief Michael McNeill about Thompson's actions, but states he was not allowed to make a written

complaint and that no action was taken. Plaintiff complained to the city manager at City Hall but was told to "answer when police ask you questions." (Compl. at 5.) Plaintiff was also told by Lt. Peter Monteiro that he would be arrested for trespassing if he came back to City Hall.

## DISCUSSION

I.  Motion to Appoint Counsel

Plaintiff requests that an attorney be appointed to represent him in this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to request an attorney to represent a pro se civil litigant only in exceptional cases. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir.1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989). The facts of this case and Plaintiff's abilities do not present such exceptional circumstances. Accordingly, Plaintiff's motion for appointed counsel [DE #12] is denied.

Nevertheless, the court maintains a list of attorneys who have indicated a willingness to consider providing pro bono representation in certain categories of civil cases ("pro bono panel"). Review by the pro bono panel does not guarantee that counsel will be secured. Because of the number of pro se cases and the shortage of volunteer attorneys, submission of a case to the pro bono panel frequently results in a declination of representation. In accordance with the court's routine practice, the clerk is directed to review this case in order to determine whether it falls within one of the categories of cases appropriate for consideration by the pro bono panel.

4

## II. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to

5

contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

### III. Summary of Plaintiff's Claims

Plaintiff first brings suit pursuant to 42 U.S.C. §§ 1983 and 1985 claiming that his Fourth, Fifth, Ninth, and Fourteenth Amendment rights were violated. Plaintiff names the following defendants: (1) the City of Lumberton, NC; (2) Officer Kristen Thompson of the Lumberton Police Department; (3) Officer Melodie Hunt of the Lumberton Police Department; (4) Officer Jonathan Oliver of the Lumberton Police Department; (5) Lumberton Chief of Police Michael McNeill; and (6) the City of Lumberton Police Department. The claims against Officers Thompson, Oliver, and Hunt, and Chief McNeill are brought against them in their official and individual capacities.

Plaintiff asserts that Officers Thompson, Oliver, and Hunt violated his Fourth, Fifth, Ninth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. He also claims that Officers Oliver and Hunt conspired to violate Plaintiff's civil rights. Plaintiff brings claims against Police Chief McNeill for failure to supervise, failing to address Plaintiff's complaint, and conspiring to deprive Plaintiff of his civil rights. Plaintiff's allegations against the Lumberton Police

Department stem from its alleged failure to properly train officers and failure to properly address Plaintiff's complaints concerning officer behavior. Finally, Plaintiff alleges the City of Lumberton did not have proper policies set in place to adequately guard his civil rights.

Plaintiff seeks the following relief: (1) a permanent injunction against further violations; (2) for the Lumberton Police department to "develop a real world accountability system, training and enforce rule(s), regulation(s), and or code(s) and indiscriminately ensure that any and all employees in any capacity adheres" to the Constitution; (3) that the Lumberton Police Department "insur[e] officer[s] are trained and perform at all times to act/carry [sic] out their duties"; (4) "monetary damages" of $20,000,000.00; (5) compensatory damages of $20,000,000.00; (6) punitive damages of $20,000,000.00; (7) attorney's fees and costs; and (8) any other relief the court deems just and proper.

### IV.  42 U.S.C. § 1985

Plaintiff does not explicitly reference § 1985 in his complaint; however, he states that Officers Oliver, Hunt and Chief McNeill conspired with Officer Thompson to deprive Plaintiff of his constitutional rights. (Compl. at 3-4.) Generally, a cause of action exists under § 1985 where two or more people conspire to interfere with an individual's civil rights. 42 U.S.C. § 1985. To state a § 1985 claim, a plaintiff must allege facts sufficient to support a finding that there existed "an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe,* 47 F.3d 1370, 1377 (4th Cir.1995). In the

7

instant case, Plaintiff has failed to allege facts showing any "meeting of the minds." Thus, Plaintiff's § 1985 claim should be dismissed for failure to state a claim.

V.     42 U.S.C. § 1983

   A.     Lumberton Police Department

Plaintiff has also failed to state a claim against the Lumberton Police Department. A police department is not a proper defendant in a § 1983 action. *See Green v. Turner,* No. 4:-08-CV-72-H, 2010 WL 8917938 (E.D.N.C. Sept. 30, 2010) (holding that sheriff's departments and police departments are not legal entities subject to suit in North Carolina). Thus, Plaintiff's § 1983 claim against the Lumberton Police Department should be dismissed.

   B.     Official Capacity Claims

An official capacity suit is generally another way of pleading an action against the entity of which the officer is an agent. *Hughes v. Blankenship*, 672 F.2d 403, 406 (4th Cir. 1982); *see Wyche v. City of Franklinton*, 837 F. Supp. 137, 144 (E.D.N.C. 1993) ("A suit against a city official in his official capacity is a suit against the city itself."). Plaintiff has named the City of Lumberton as a defendant, and therefore, Plaintiff's official capacity claims against Officers Thompson, Oliver, Hunt, and Chief McNeill are duplicative and should be dismissed. *See Wyche*, 837 F. Supp. at 144 (stating that § 1983 claims against city police officer were subsumed by the claims against the city).

### C. Individual Capacity Claims

#### 1. *Police Chief McNeill*

Plaintiff's § 1983 claims against Chief McNeill in his individual capacity should also be dismissed. Plaintiff alleges that Chief McNeill failed to properly supervise and failed to respond to Plaintiff's verbal complaints concerning his officers' conduct. It is well settled that principles of *respondeat superior* are not applicable to § 1983 claims. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Section 1983 liability will attach only where the defendant "'acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Collin*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Thus, a supervisor may be held individually liable for the unconstitutional acts of a subordinate only where (1) "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; (2) the supervisor was deliberately indifferent to or tacitly authorized the conduct; and (3) there exists an "affirmative causal link" between the supervisor's actions and the constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff's claim against Chief McNeill in his individual capacity does not rise to the level required to establish liability under § 1983. Plaintiff merely alleges that Chief McNeill was responsible for overseeing officers within the Lumberton Police

9

Department. Plaintiff includes no facts in his complaint to support a finding that Chief McNeill had actual or constructive knowledge of the alleged conduct of Officers Thompson, Hunt, or Oliver, that he was deliberately indifferent to or tacitly authorized the alleged conduct or that there is a causal link between Chief McNeill's actions and Plaintiff's alleged injury. Accordingly, Plaintiff's claim against Chief McNeill, individually, should be dismissed for failure to state a claim upon which relief can be granted.

### 2. Officer Hunt

Plaintiff states that Officer Hunt violated his Fourth, Fifth, Ninth, and Fourteenth Amendment rights. According to Plaintiff's complaint, however, the extent of Officer Hunt's involvement was a roadside identification of Plaintiff. As such, Plaintiff has failed to provide any facts supporting a §1983 claim against Officer Hunt, and his claim against Officer Hunt in her individual capacity should be dismissed as frivolous or for failure to state a claim.

### 3. Officers Thompson & Oliver

#### a. Fourth Amendment

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Probable cause exists when evidence leads a reasonable officer to believe an offense has been or is being committed. *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). Allegations that a plaintiff's seizure "was not supported by probable

10

cause and that the criminal proceedings terminated in his favor are sufficient to state a § 1983 malicious prosecution claim alleging a seizure that was violative of the Fourth Amendment." *Brooks*, 85 F.3d at 183-84.

Here, construing the facts in Plaintiff's favor, Plaintiff has sufficiently alleged that Officer Thompson did not have probable cause to believe that Plaintiff had committed a crime when Officer Thompson arrested him. In his complaint, Plaintiff asserts: (1) "Thompson had no legal basis to stop [him]"; (2) he was "not drunk or high on illegal substances"; (3) "had nothing upon his person or in his positions [sic], in his hand or pockets"; and (4) that "Officer [Thompson] stated that she had not observed [Plaintiff] violate any ordinance or code, and that she had no complaint(s) against [Plaintiff]." Moreover, Plaintiff states that the charges against him were dismissed, though the reasons behind the dismissal are unknown to the court. Additionally, Plaintiff has alleged that Officer Oliver knew of the facts and circumstances surrounding Plaintiff's arrest, but aided in the arrest by placing Plaintiff in handcuffs.

The undersigned expresses no opinion concerning the veracity of Plaintiff's allegations or the reasonableness of the officers' alleged actions. Given the liberal construction due Plaintiff's complaint, however, the court finds that Plaintiff's claim that Officers Thompson and Oliver, acting under color of state law, violated his Fourth Amendment right to be free from unreasonable seizures is neither legally frivolous nor factually baseless. Accordingly, the undersigned determines that this claim survives frivolity review.

11

### b. Fifth Amendment

Plaintiff also claims Officers Thompson and Oliver violated his Fifth Amendment rights. However, Plaintiff's complaint contains no allegations to support a violation of either his right to due process[2] or his right against self-incrimination. Moreover, the right against self-incrimination is implicated only when evidence is proffered during a criminal trial. *See Riley v. Dorton,* 115 F.3d 1159, 1164-65 (4th Cir.1997) *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). Finally, while the "takings clause" of the Fifth Amendment does apply to the states through the Fourteenth Amendment, Plaintiff does not allege a Fifth Amendment "taking." *See Dolan v. City of Tigard,* 512 U.S. 374, 383 (1994).

### c. Ninth Amendment

Plaintiff further alleges that Officers Thompson and Oliver violated his Ninth Amendment rights. The Ninth Amendment states, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. As such, the Ninth Amendment does not convey rights that may be asserted under § 1983, and this claim should be dismissed. *See Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) ("[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.").

---

[2] Although Plaintiff asserts violation of his Fifth Amendment rights, any claim that he was deprived of due process would be grounded in the Fourteenth Amendment, not the Fifth Amendment. *See Qwest Commc'ns. Corp. v. City of Greensboro*, 440 F. Supp. 2d 480, 493 (M.D.N.C. 2005).

12

### d. Fourteenth Amendment

Plaintiff also purports to assert an equal protection claim pursuant to the Fourteenth Amendment, alleging that he was denied "equal treatment based on the color of his skin and apparent class status." (Compl. at 18.) "[T]he purpose of the equal protection clause . . . is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination . . . ." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In order to state an equal protection claim, a plaintiff must allege facts sufficient to support a finding "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Williams v. Hansen*, 326 F.3d 569, 576 (4th Cir. 2003).

Liberally construed, Plaintiff has alleged sufficient facts to survive frivolity review on his equal protection claim. He has alleged he was falsely arrested and racially profiled. *See Green v. Maroules*, 211 Fed. App'x 159, 162 (4th Cir. 2006) (finding plaintiff stated an equal protection claim where she "alleged differential treatment – a false arrest, through which others similarly situated presumably do not have to suffer – resulting from intentional discrimination in the form of racial profiling"). Plaintiff alleges, "This stop was based on race. The arrest was based on race." (Compl. at 23.) The complaint clearly points to the conclusion that Plaintiff was falsely arrested because he is African-American. Plaintiff's factual allegations are sufficient to "raise a right to relief above a speculative level," and thus, his claim should not be dismissed at this state of the litigation. *Twombly, 550 U.S. 555*.

13

### D. City of Lumberton

To plead a § 1983 claim against a municipality or local government entity, a plaintiff must allege facts sufficient to support a finding that the alleged constitutional action was taken pursuant to an official policy, procedure, or custom of the local governing body. *Monell*, 436 U.S. at 690-91. To impose § 1983 liability, a plaintiff must show that "a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 411 (1997). "Isolated incidents" of unconstitutional conduct of municipal employees is not sufficient to establish a custom or practice under § 1983. *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003); *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999).

Plaintiff has not alleged sufficient facts to support a finding that the City of Lumberton was operating under an unconstitutional policy, practice, or custom. Rather, the facts alleged by Plaintiff concerning his arrest amounts to no more than "an isolated, unprecedented incident" instigated by city employees. Plaintiff's conclusory allegation that "The City of Lumberton failed to implement policy . . . that ensured the City of Lumberton Police Department . . . indiscriminately provided safe and equitable service[] to the Plaintiff" and that the city "failed to establish lawful policy and procedure(s) under the U.S. Consitution" is without factual support and, therefore, fails to state a plausible claim for relief against the City of Lumberton. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements . . . supported by mere conclusory statements, do not suffice.").

## CONCLUSION

For the reasons stated above, Plaintiff's individual capacity claims for violations of Plaintiff's Fourth and Fourteenth Amendment rights against Officers Thompson and Oliver survive frivolity review. However, the undersigned RECOMMENDS that Plaintiff's remaining claims be DISMISSED pursuant to 28 U.S.C. § 1915A(b) as frivolous or for failure to state a claim upon which relief can be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 7th day of October 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge