IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-6-H

JOHN SINCLAIR,

    Plaintiff,

v.

CITY OF LUMBERTON, OFFICER KRISTEN THOMPSON in her official and individual capacities, OFFICER MELODIE HUNT in her official and individual capacities, OFFICER JONATHAN OLIVER in his official and individual capacities, CHIEF MICHAEL MCNEILL in his official and individual capacities, and CITY OF LUMBERTON POLICE DEPARTMENT,

    Defendants.

**ORDER**

This matter is before the court for frivolity review of plaintiff's amended complaint [D.E. #10] pursuant to 28 U.S.C. § 1915(e)(2) and plaintiff's motion for an extension of time to file a brief in support of his objection related to his official capacity claims against Officers Thompson and Oliver [D.E. #20 at 15, 19, and 20]. Magistrate Judge Kimberly A. Swank filed an Order and Memorandum and Recommendation ("M&R") on October 7, 2014, recommending that plaintiff's individual capacity claims

for violations of his Fourth and Fourteenth Amendment rights against Officers Thompson and Oliver survive frivolity review and recommending that plaintiff's remaining claims be dismissed as frivolous for failure to state a claim upon which relief can be granted. [D.E. #17]. Plaintiff has filed an objection to the M&R, and this matter is ripe for adjudication.

After a full and careful review of the M&R and other documents of record, including consideration of supplemental facts asserted by plaintiff in his objection that were not available for consideration by the magistrate judge, the court is convinced that the recommendation of the magistrate judge should be adopted in part and rejected in part.

In plaintiff's objection to the M&R, he provides supplemental facts that sufficiently address concerns presented by the magistrate judge in her M&R, which recommended dismissal of plaintiff's claim against Chief Michael McNeill in his individual capacity due to the absence of a factual basis. In deference to plaintiff's pro se status, this court liberally construes and incorporates the facts contained in his objection which relate to Chief McNeill's alleged supervisory liability, particularly paragraphs forty-one through forty-five on page nine, into his complaint. Although this court declines to express an opinion regarding the veracity of plaintiff's allegations or his probability of success, the court finds that

2

plaintiff's claim against Chief McNeill in his individual capacity is neither legally frivolous nor factually baseless.

Excepting the recommendation related to plaintiff's claim against Chief McNeill in his individual capacity discussed supra, the court adopts the recommendation of the magistrate judge as its own. This court further DENIES AS FUTILE plaintiff's request for additional time to file a brief supporting his official capacity claims against Officers Thompson and Oliver because the Lumberton Police Department, Officers Thompson and Oliver's employer, is not a legal entity subject to suit in North Carolina. See Green v. Turner, No. 4:08-CV-72-H, 2010 WL 8917938 (E.D.N.C. Sept. 30, 2010).

**CONCLUSION**

For the foregoing reasons, plaintiff's individual capacity claims for violations of his Fourth and Fourteenth Amendment rights against Officers Thompson and Oliver as principals and against Chief McNeill as supervisor SURVIVE frivolity review. Plaintiff's remaining claims are hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous. Defendants, the City of Lumberton, City of Lumberton Police Department, and Officer Hunt, are hereby dismissed as parties to this suit. Additionally, plaintiff's claims against defendants McNeill, Thompson, and Oliver in their official capacity are dismissed.

3

Plaintiff's motion for an extension of time to file a brief in support of his objection related to his official capacity claims against Officers Thompson and Oliver [D.E. #20] is DENIED AS FUTILE.

Accordingly, plaintiff is directed to file an amended complaint within twenty days incorporating the facts set forth in paragraphs forty-one through forty-five on page nine of his objection. The clerk is directed to maintain management of this action as to defendants Thompson, Oliver, and McNeill and issue summonses for these defendants after plaintiff files his amended complaint pursuant to this order. The United States Marshal Service shall make service pursuant to 28 U.S.C. § 1915(d). Defendants shall have 21 days from service of the complaint to file their responsive pleadings.

This 24th day of June 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34